UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT POUNDS,

          Plaintiff,

v.                                        CASE NO.: 2:06-cv-11670
                                        HON. PATRICK J. DUGGAN

MOUND CORRECTIONAL FACILITY
MEDICAL STAFF, THE BUREAU OF
HEALTH CARE SERVICES, REGION III,
CORRECTIONAL MEDICAL SERVICES, INC.,
and THE MICHIGAN DEPARTMENT OF
CORRECTIONS,

          Defendants.
_____/

**ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 30, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Everett Pounds, a state prisoner currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.  Defendants are: (1) "the Mound Correctional Facility Medical Staff"; (2) Region III of the Bureau of Health Care Services; (3) Correctional Medical Services, Inc. ("CMS"); and (4) the Michigan Department of Corrections ("MDOC")(collectively "Defendants").  In his complaint, Plaintiff alleges that he was denied timely access to health care when he complained of an

earache. The earache allegedly developed into an ear infection and partial loss of hearing. Plaintiff alleges that Defendants' acts, omissions, and negligence amounted to deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution.

Plaintiff has been granted leave to proceed without prepayment of fees and costs for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001)(citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). To successfully establish a *prima facie* case under Section 1983, the plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)).

Plaintiff's allegations against MDOC and its Bureau of Health Care Services fail to state a claim upon which relief may be granted because the Eleventh Amendment bars civil rights actions against a state and its departments and agencies unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309 (1989). Eleventh Amendment immunity "is far reaching." *Thiokol Corp. v.*

*Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 908 (1984)). Although the Eleventh Amendment only expressly prohibits suits against states by citizens of other states, the Supreme Court has long held that the amendment also bars suits by citizens of the state being sued. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted Section 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

     MDOC is "an administrative agency within the executive branch of Michigan's government." *Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 636, 604 N.W.2d 686, 690 (1999). The Bureau of Health Care Services is an entity within MDOC and therefore also is entitled to immunity. *See Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001)(upholding the district court's dismissal of the Michigan Parole Board based on Eleventh Amendment immunity, finding that it is an entity within MDOC, a state agency)(opinion attached as Exhibit 1). Thus, MDOC and its Bureau of Health Care Services will be dismissed with prejudice from this lawsuit.

     Plaintiff names the "Mound Correctional Facility Medical Staff" as a defendant but he fails to name any particular doctor or nurse whom he seeks to hold liable or set

3

forth any particular conduct by any member of the facility's medical staff. A plaintiff must allege with specificity his or her claims against government officials:

> . . . damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right . . . This court has adopted the requirement that a plaintiff allege "with particularity" all material facts to be relied upon when asserting that a governmental official has violated a constitutional right . . .

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)(emphasis in original)(internal citations omitted). The Court therefore finds Plaintiff's vague allegations against the entire medical staff at the Mound Correctional Facility insufficient to state a claim upon which relief may be granted. Moreover, Plaintiff states in his complaint that MDOC has brought in CMS to act as the health care provider at the Mound Correctional Facility. *See* Compl. ¶ 14. Thus it appears that any "medical staff" at the facility would be nurses or doctors working for CMS. This Court therefore will dismiss without prejudice the Mound Correctional Facility Medical Staff as a defendant.

The Court finds that Plaintiff has stated an arguable claim against CMS.

Accordingly,

**IT IS ORDERED**, that Plaintiff's claims against the Michigan Department of Corrections and its Bureau of Health Care Services are **DISMISSED WITH**

**PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiff's claim against the Mound Correctional Facility Medical Staff is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that the United States Marshal shall serve the appropriate papers on Correctional Medical Services, Inc., without prepayment of the costs for such service.  The Marshal may collect the usual and customary costs from Plaintiff after effecting service;

**IT IS FURTHER ORDERED**, that Plaintiff shall serve a copy of all future documents on Correctional Medical Services, Inc. or on defense counsel, if legal counsel represents that defendant.  Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendant or to defense counsel.  The Court will disregard any paper received by Plaintiff if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copy to:
Everett Pounds, #231072
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212

**EXHIBIT 1**

This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATION  Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.   Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.

Leroy J. FLEMING, Plaintiff-Appellant,
v.
Bill MARTIN, et al., Defendants-Appellees.
**No. 01-1422.**

Sept. 26, 2001.

State prisoner filed § 1983 suit alleging that state prison and parole officials violated his due process rights by extending his parole because of his drug and alcohol use. The United States District Court for the Eastern District of Michigan dismissed action, and prisoner appealed. The Court of Appeals held that: (1) state parole board was entitled to Eleventh Amendment immunity, and (2) state parole supervisors and agents are entitled to absolute immunity.

Affirmed.

West Headnotes

**[1] Federal Courts 170B ⚷269**

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(A) In General
            170Bk268 What Are Suits Against States
                170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Michigan Parole Board was entitled to Eleventh Amendment immunity from liability in prisoner's § 1983 suit alleging that state prison and parole officials violated his due process rights by extending his parole because of his drug and alcohol use.   U.S.C.A. Const.Amend. 11; 42 U.S.C.A. § 1983; M.C.L.A. Const. Art. 5, § 2; M.C.L.A. § 791.231a.

**[2] Civil Rights 78 ⚷1376(7)**

78 Civil Rights

  78III Federal Remedies in General
    78k1372 Privilege or Immunity; Good Faith and Probable Cause
      78k1376 Government Agencies and Officers
        78k1376(7) k. Prisons, Jails, and Their Officers; Parole and Probation Officers. Most Cited Cases
  (Formerly 78k214(7))

State parole supervisors and agents were entitled to absolute immunity in prisoner's § 1983 suit alleging that they had violated his due process rights by extending his parole because of his drug and alcohol use. 42 U.S.C.A. § 1983.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

*ORDER*

**\*1** Leroy J. Fleming, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Fleming sued Director of the Michigan Department of Corrections ("MDOC") Bill Martin; the Michigan Parole Board ("Parole Board"); parole supervisors John J. Remilliet, Kirk McVittie, and Celia Doyle; and parole agents Nicole Williams, Keith Hollingshed, and Harry Bobowski. Fleming alleged that the defendants violated his due process rights by: (1) not releasing him from parole on his original discharge date of January 29, 1999; (2) failing to credit his sentence with the time he spent in drug treatment centers; and (3) extending his parole without notice or a hearing. He also asserted state law claims. The district court screened the complaint and dismissed it as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court held that Fleming's claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that the defendants were immune from suit.

In his timely appeal, Fleming argues principally that: (1) his claim is not barred by *Heck* because he was challenging the defendants' use of unconstitutional procedures;**\*259** and (2) the defendants are not immune from suit.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

[1] Upon review, we conclude that the district court properly dismissed Fleming's case. The Parole Board is entitled to Eleventh Amendment immunity. Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe*

*of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993). The Parole Board is an entity within the MDOC, *see* Mich. Comp. Laws § 791.231a, and the MDOC is, in turn, an administrative agency within the executive branch of Michigan's government. *See* Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich.App. 363, 619 N.W.2d 163, 167-68 (Mich.Ct.App.2000). Accordingly, the Parole Board is immune from suit under the Eleventh Amendment.

[2] The parole supervisors and agents are entitled to absolute immunity. They were exercising a judicial function when they recommended that Fleming's parole be extended because of his drug and alcohol use. Thus, they are absolutely immune from liability. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir.1996); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994); *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990).

**\*\*2** Additionally, we note that although Fleming named MDOC Director Martin as a defendant he did not allege that Martin condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Thus, Martin cannot be held liable under 42 U.S.C. § 1983. *See Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80-81 (6th Cir.1995).

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Fleming's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Fleming's complaint lacked an arguable basis in law and was frivolous because none of the defendants are subject to suit. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Accordingly, we need not reach the court's other ground for dismissing Fleming's case. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Mich.),2001.
Fleming v. Martin
24 Fed.Appx. 258, 2001 WL 1176354 (C.A.6 (Mich.))

Briefs and Other Related Documents (Back to top)

• 01-1422 (Docket) (Mar. 28, 2001)

END OF DOCUMENT