UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT POUNDS,

               Plaintiff,

v.                                                    CASE NO.:  2:06-cv-11670
                                                 HON. PATRICK J. DUGGAN

CORRECTIONAL MEDICAL SERVICES, INC.,
and DR. SEETHA VADLAMUDI,

               Defendants.
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR SUMMARY
JUDGMENT FILED BY DEFENDANT SEETHA VADLAMUDI AND
GRANTING THE MOTION TO DISMISS FILED BY DEFENDANT
CORRECTIONAL MEDICAL SERVICES, INC.**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on January 9, 2007.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff Everett Pounds, a state prisoner currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.  In his amended complaint, Plaintiff alleges that he was denied timely access to health care when he complained of an earache that allegedly developed into an ear infection and caused partial loss of hearing in his left ear.  Plaintiff alleges that Defendants' acts, omissions, and negligence amounted to deliberate indifference to a serious medical need in violation of

the Eighth Amendment to the United States Constitution. This Court previously dismissed all Defendants, except Dr. Seetha Vadlamudi ("Dr. Vadlamudi") and Correctional Medical Services Inc. ("CMS"). Dr. Vadlamudi filed a motion for summary judgment and CMS filed a motion to dismiss on October 10 and November 8, 2006, respectively. This Court referred both motions to Magistrate Judge Donald A. Scheer.

On December 7, 2006, Magistrate Judge Scheer issued a Report and Recommendation ("R&R"), recommending that this Court grant Dr. Vadlamudi's motion for summary judgment and CMS' motion to dismiss. At the conclusion of his R&R, Magistrate Judge Scheer advises the parties that they must file any objections to the R&R within ten days. Plaintiff filed objections on December 27, 2006.

Plaintiff lists six objections to the R&R. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted).

The essence of Plaintiff's first five objections is his claim that Magistrate Judge Scheer erred in concluding that Dr. Vadlamudi was not deliberately indifferent to his medical needs. In his first objection, Plaintiff contends that Magistrate Judge Scheer's conclusion is contradictory to the Response to his Step III Grievance prepared by an administrative investigator for the Michigan Department of Correction ("MDOC"), in which Plaintiff claims the investigator found "deliberate indifference" and "delay of

access to medical care" in Plaintiff's case.  The MDOC administrative investigator, however, only concluded that Plaintiff was right in claiming that "he was denied timely access to health care when complaining of an ear ache . . . [Plaintiff] should not have had to wait to be seen for this complaint."  *See* Am. Compl., Ex. A.  The administrative investigator did not find that this delay was the result of any individual's or entity's "deliberate indifference" to Plaintiff's serious medical needs– a requirement that Magistrate Judge Scheer correctly determined was necessary for Plaintiff to establish a violation of his Eighth Amendment rights.  *See* R&R at 2; *see also infra*.

Plaintiffs' second through fifth objections do not demonstrate an error in Magistrate Judge Scheer's conclusion that "[e]ven accepting the facts as provided by Plaintiff, the record is clear that *Dr. Vadlamudi* was not deliberately or wantonly indifferent to his serious medical needs."[1]  R&R at 3 (emphasis added).  Having conducted a *de novo* review of the record, the Court agrees with Magistrate Judge Scheer.

---

[1] In his second objection, Plaintiff argues that MDOC policy requiring that a prisoner receive an immediate follow-up examination after being treated for an urgent or emergent condition was not followed in his case.  In his third objection, Plaintiff disputes Magistrate Judge Scheer's statement that "the record demonstrates that health care personnel were at all times responsive to his medical condition."  R&R at 3.
In his fourth objection, Plaintiff disputes Magistrate Judge Scheer's statement that "[f]our days after being examined by a nurse, Dr. Vadlamudi prescribed antibiotics to treat [his] earache."  *Id*.  In his fifth objection, Plaintiff disputes Magistrate Judge Scheer's finding of no indication that he suffered any loss of hearing.  Although correct in his fourth objection– as a different doctor prescribed Plaintiff's antibiotics– the correction of this statement does not impact this Court's conclusion regarding the accuracy of Magistrate Judge Scheer's holding that Plaintiff fails to establish an Eighth Amendment violation *by Dr. Vadlamudi*.  The Court reaches the same conclusion with regard to the other above-described objections.

First the Court notes that Plaintiff received prompt attention to his ear ache and was prescribed antibiotics within four days of first complaining to prison staff about his medical condition.  Second, while he submitted a Health Care Request form on August 19, 2005, indicating that he took all the medications for his ear infection but that the infection had not cleared up, he offers no evidence to suggest that Dr. Vadlamudi knowingly failed or refused to respond to this request.  In fact it was a nurse who responded to his form, advising Plaintiff that he had an appointment for September 16, 2005.

Finally, as Magistrate Judge Scheer found, Plaintiff makes broad conclusory allegations of negligence against Dr. Vadlamudi.  Plaintiff fails to offer any evidence linking the doctor to any specific incident in which she was personally indifferent to his medical needs.[2]  Even assuming that Plaintiff establishes negligence by Dr. Vadlamudi in failing to take note of Plaintiff's ear infection after the doctor returned to the correctional facility on August 8, medical malpractice or negligence, alone, do not establish an Eighth Amendment violation.  *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 292 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is prisoner.  In order to state a cognizable claim, the prisoner must

---

[2]Plaintiff offers no evidence to support his assertion that Dr. Vadlamudi "was given detailed knowledge of [Plaintiff's] ear condition" but "refused to see the Plaintiff about his condition."  *See* Pl.'s Objections at 4.  Similarly he offers no evidence to suggest that "Dr. Vadlamudi[] deliberately refused to order the needed 'antibiotics' [sic] for Plaintiff . . ." or that the doctor ". . .decided not to take any action concerning [P]laintiff's earache, infection, or hearing loss."  *See id*. at 8 & 9.

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"); *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668, 670 (1986).

In his sixth objection, Plaintiff objects to Magistrate Judge Scheer's finding, in dismissing CMS, that "Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment." *See* R&R at 4.  Plaintiff states that he in fact has identified a specific custom or policy (MDOC Policy Directive 03.04.110) and that Dr. Vadlamudi violated this policy by not examining him immediately.[3]  Magistrate Judge Scheer, however, was not addressing Dr. Vadlamudi's liability when he made the finding to which Plaintiff objects; rather he was discussing CMS' liability for any wrong inflicted by its employees.  *See id.*  As Magistrate Judge Scheer correctly found, Plaintiff offered no evidence to suggest that Dr. Vadlamudi was acting *according to* some official policy, practice, or custom when he allegedly neglected Plaintiff's medical needs.  Plaintiff's objection in fact states the opposite– that is, that Dr. Vadlamudi's conduct was in violation of an official policy.

For the above reasons, the Court concurs with the recommendations set forth in Magistrate Judge Scheer's R&R.

Accordingly,

**IT IS ORDERED**, that Defendant Seetha Vadlamudi's motion for summary

---

[3]In his objection, Plaintiff states that he does not oppose Magistrate Judge Scheer's recommendation that CMS' motion to dismiss be granted, as the evidence indicates that the doctor is an MDOC employee and not an employee of CMS.  *See* Pl.'s Obj. at 15.

judgment is **GRANTED**;

      **IT IS FURTHER ORDERED**, that Defendant Correctional Medical Services Inc.'s motion to dismiss is **GRANTED**.

                        s/PATRICK J. DUGGAN
                        UNITED STATES DISTRICT JUDGE

Copy to:
Everett Pounds, #231072
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212

Christine M. Campbell, Esq.

Ronald W. Chapman, Esq.